## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **SHEILA DANIELS,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **V.** | |
| **AARON'S, LLC** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

COMES NOW Plaintiff, Sheila Daniels ("Plaintiff" or "Ms. Daniels"), by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against the Defendant Aaron's, LLC ("Defendant" or "Aaron's"), stating as follows:

## I.  JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA).

2.    This Court has jurisdiction over the parties of this action because the employment practices described herein took place in DeKalb County, GA.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4.    The Equal Employment and Opportunity Commission (EEOC) investigated

Plaintiff's claims and issued her a Notice of Right to Sue. *See Exhibit 1.*

## II. PARTIES

5.    Plaintiff is a citizen of the United States and a resident of Georgia.

6.    Defendant is a corporation registered to conduct business in the State of

Georgia.

7.    Defendant may be served through its registered agent, Corporation Service

Company, located at 40 Technology Parkway South, Suite 300, Norcross, GA

30092

8.    Defendant employed fifteen (15) employees or more at all times relevant to

this lawsuit.

9.    Defendant is subject to the requirements of the ADA.

## III. FACTUAL ALLEGATIONS

10.    Plaintiff began working for Defendant as a paralegal in 2003.

11.    Plaintiff suffers from Fibromyalgia, a disorder causing inflammation, pain,

and fatigue throughout the body.

12.    The symptoms of this disability are exacerbated by prolonged sitting and

standing, and they can arise without warning.

13.     On October 19, 2018, Plaintiff submitted an accommodation request to Defendant asking that she be permitted to work from home at least three (3) days a week to manage her pain.

14.     This accommodation would allow Plaintiff to lay down, ice her body, and use the bathroom as needed.

15.     The accommodation request was signed by Plaintiff's healthcare provider, Ms. Hope Davis, P.A.

16.     Defendant confirmed receipt of Plaintiff's accommodation request on October 24, 2018.

17.     On November 7, 2018, Plaintiff met with her supervisor, Ms. Kim Lester, and a Human Resources representative, Ms. Ayesha Doyle.

18.     During this meeting, Ms. Lester and Ms. Doyle rejected Plaintiff's accommodation request.

19.     Ms. Lester and Ms. Doyle offered an alternative accommodation of a standing desk, new chair, and a quiet room.

20.     Plaintiff informed them that the proposed accommodations were insufficient, and that she would need to telework to effectively manage her disability.

21.     Plaintiff could not perform the essential functions of her job without the telework accommodation.

22.    Plaintiff remained on medical leave from November 2018 through February 24, 2020.

23.    During this period of time, Defendant did not offer Plaintiff the opportunity to telework.

24.    On February 24, 2020, Defendant terminated Plaintiff for not returning to work in the office.

25.    Upon information and belief, another paralegal in the same department in which Plaintiff worked was permitted to telecommute because she lived in a different state.

26.    Upon information and belief, Plaintiff could have completed the essential functions of her paralegal position while teleworking either full or part-time.

## IV. CLAIM FOR RELIEF

## COUNT I: ADA DISCRIMINATION

27.    Plaintiff incorporates by reference paragraphs 1-26 of her Complaint as if fully set forth herein.

28.    Plaintiff has a disability as defined by the ADA.

29.    Defendant had notice of Plaintiff's disability.

30.    With the reasonable accommodation of part-time telework, Plaintiff could have performed the essential functions of her position.

31.     Plaintiff suffered the adverse action of a termination.

32.     Defendant terminated Plaintiff instead of providing her with a reasonable accommodation, thereby raising an inference of discrimination based on her disability.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

  a.  Trial by jury;

  b.  A finding that Defendant violated Plaintiff's rights as set forth herein;

  c.  Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with the ADA; and

  d.  Any other relief this Court deems proper and just.

Respectfully submitted this 8th of January, 2020.

/s/Kirby G. Smith
Kirby G. Smith
Georgia Bar No. 250119
THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com
*Attorney for Plaintiff*

## **<u>JURY DEMAND</u>**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 8th of January, 2020.

<u>/s/Kirby G. Smith</u>
Kirby G. Smith
Georgia Bar No. 250119
THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B).

Respectfully submitted this 8th of January, 2020.

/s/Kirby G. Smith
Kirby G. Smith
Georgia Bar No. 250119
THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com
*Attorney for Plaintiff*